**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4858**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CYNTHIA M. LOVE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-03-188)

Submitted: June 26, 2006          Decided: July 6, 2006

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cynthia Love appeals the forty-two-month sentence imposed by the district court after she pled guilty to aiding and abetting retaliation against an informant, in violation of 18 U.S.C. §§ 1513(b), 2 (2000).[*] Love's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning whether this court should reconsider the decision in United States v. Cross, 371 F.3d 176 (4th Cir. 2004). We affirm.

Love contends that the district court erred by determining her base offense level under U.S. Sentencing Guidelines Manual § 2X3.1(a) (2004), because the court held her accountable for relevant conduct relating to the underlying offense about which she did not know or could not have reasonably known. In Cross, 371 F.3d at 182, we rejected this contention. Although Love urges us to reconsider our holding in Cross, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

In sentencing Love, the district court considered the properly calculated advisory guideline range and the factors listed

---

[*]Although the pro se notice of appeal was not received by the district court within the appeal period, it was timely under Fed. R. App. P. 4(c) and Houston v. Lack, 487 U.S. 266 (1988).

in 18 U.S.C. § 3553(a) (2000).  The sentence imposed was within the ten-year statutory maximum, see 18 U.S.C. § 1513(b), and four months below the properly-calculated advisory guideline range. Additionally, the sentence was selected pursuant to a reasoned process in accordance with the law.  United States v. Green, 436 F.3d 449 (4th Cir. 2006).  For these reasons, we conclude that Love's sentence was reasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal.  We therefore affirm Love's conviction and sentence.  This court requires that counsel inform Love, in writing, of the right to petition the Supreme Court of the United States for further review.  If Love requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Love.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED